UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSTIN K. KIELKOPF,

          Petitioner,

                              CASE NO. 2:06-CV-13380
v.                              HONORABLE ARTHUR J. TARNOW

BUREAU OF PRISONS, et al.,

          Respondents.
                                /

## OPINION AND ORDER SUMMARILY DISMISSING
## PETITION FOR WRIT OF HABEAS CORPUS

      This is a habeas case brought pursuant to 28 U.S.C. § 2241. Dustin K. Kielkopf ("Petitioner"), a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan, is challenging a determination by the Federal Bureau of Prisons ("BOP") concerning his eligibility for placement in a Community Corrections Center ("CCC"). For the reasons set forth below, the Court dismisses without prejudice the petition for writ of habeas corpus.

I.      Facts

      In his pleadings, Petitioner states that his projected release date for CCC placement is April 27, 2007 and that his full-term release date is June 7, 2006 with approximately 41 days of CCC time. He states that he has requested additional CCC time, but the BOP has denied his request for at least six months of CCC placement. Petitioner admits that he has not fully exhausted his administrative remedies, but alleges that further exhaustion would be futile due to the BOP's current policies. Petitioner has not attached copies of any grievances or appeals filed with the BOP to his petition.

Dockets.Justia.com

*Kielkopf v. Bureau of Prisons, et al.*
Case No. 2:06-CV-13380
Page 2 of 4

In his pleadings, Petitioner raises the following issues:

I. The BOP policy and regulations placing inmates in community confinement are invalid and, therefore, cannot be applied when considering Petitioner for community confinement, pursuant to 18 U.S.C. 3621(b), thus denying Petitioner his right to due process.

II. The BOP policy and regulations placing inmates in community confinement are contrary to the congressional intent authorizing the BOP to designate a prisoner's place of imprisonment, pursuant to 18 U.S.C. 3621(b), thus denying Petitioner his right to due process.

III. The BOP has failed to apply the factors of 18 U.S.C. 3621 when considering Petitioner's placement in community confinement "at any time" thus denying Petitioner his right to due process.

IV. The BOP's discretion may not be exercised on a categorical basis to exclude Petitioner from placement in community confinement when the Petitioner is not yet in the last ten percent of his term.

V. The BOP's discretion may not be exercised on a categorical basis to exclude Petitioner from placement in community confinement because Petitioner was not housed in the Fourth or Eighth Circuit, thus denying Petitioner his right to due process.

VI. The BOP's policy and regulations placing inmates in community confinement violate the Ex Post Facto Clause because it amounts to a retroactive increase in Petitioner's punishment.

II. <u>Analysis</u>

A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981); *see also Graham v. Snyder*, 68 Fed. Appx. 589, 590-91 (6th Cir. June 18, 2003). The burden is on the petitioner to prove exhaustion. *See, e.g., Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.

2

*Kielkopf v. Bureau of Prisons, et al.*  
Case No. 2:06-CV-13380  
Page 3 of 4

1994).  Petitioner has not met his burden of showing exhaustion of administrative remedies.  Petitioner has not demonstrated that he has exhausted each of the claims contained in his habeas petition by filing an appropriate complaint with the BOP and by pursuing his appellate rights within the BOP before proceeding in federal court.  *See, e.g., Bailey v. Hemingway*, No. 01-72188, 2001 WL 1525269, *2 (E.D. Mich. Aug. 9, 2001) (listing available remedies).

Petitioner has not shown that exhaustion would be futile.  Exhaustion requires that Petitioner fairly present his claims to the BOP, but does not require that the BOP rule on the merits of those claims.  *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).  Presentation of the claims is sufficient to satisfy exhaustion.  Petitioner must attempt to fully exhaust his administrative remedies before seeking federal habeas relief.  *See Six v. United States Parole Comm'n.*, 502 F. Supp. 446, 448 (E.D. Mich. 1980); *see also Rodriguez v. Federal Bureau of Prisons,* 2006 WL 1897296, *1 (E.D. Mich. July 11, 2006) (requiring federal prisoner to exhaust administrative remedies as to CCC placement issues before pursuing habeas action).

*Kielkopf v. Bureau of Prisons, et al.*
Case No. 2:06-CV-13380
Page 4 of 4

III.    <u>Conclusion</u>

The Court concludes that Petitioner has not fully exhausted his administrative remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or the Sixth Circuit before seeking to appeal this decision.

    **IT IS SO ORDERED**.

    s/Arthur J. Tarnow
    <u>Arthur J. Tarnow</u>
    United States District Judge

Dated: August 4, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 4, 2006, by electronic and/or ordinary mail.

    <u>s/Catherine A. Pickles</u>
    Judicial Secretary